[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispositive facts in this summary process case are not seriously disputed. The parties had entered into a written lease for the rental amount of $680 per month. No rental amount was paid in January, 1997; in fact, the rent was not paid for several preceding months.
On January 6, a notice to quit was served by abode service at "33-B" Harold Road, in Farmington. The subject premises are located at 33-A Harold Road. Not only do both 33-A and 33-B exist, but they are separate sides of a duplex. The process server testified that he served the January 6 notice to quit on 33-B, which, as it turns out, was vacant at the time.
The plaintiff Anna Murach found the misdirected notice on the floor of 33-B, apparently several days after January 6, when she entered the unit to show it to a prospective tenant. She then brought the notice to the defendant, who, quite naturally, denied that she had received the notice and denied to the plaintiff's attorney that the premises described on the notice were hers. She had some good points; in fact, it is clear beyond cavil that no summary process action could proceed on the basis of the January 6, 1997, notice to quit. That notice to quit contained standard language to the effect that any payment received after service of the notice would be considered to be a use and occupancy payment and not rent.
A second notice to quit was served by abode service at 33-A Harold Drive on January 29, 1997. No payment was received or tendered in January. The summons and complaint were served on February 13, 1997. The first count alleged nonpayment of January rent; the second count, which alleged lapse of time, has been withdrawn.
I find the allegations of the complaint proved; no issue was raised as to the complaint. The defendant claims, however, that any effort to tender rent would have been futile in light of the prior notice to quit, which was not formally withdrawn.
I find that the first notice to quit was a nullity, and that the second notice to quit appropriately could claim nonpayment of rent as a reason for eviction. See Bridgeport v. Barbour-DanielElectronics, Inc., 16 Conn. App. 574 (1988). In the circumstances of this case, I do not find that it presumptively and necessarily would have been futile to offer rent, at least prior to the tenth of the month. The facts of this case are considerably different CT Page 9459 from those set forth in Brown v. Waden, H-808, No. SPH 8602 32103 (Housing Session 1987). I do not find that the defendant necessarily even knew of the first notice to quit before the tenth of the month, and she herself recognized that the notice was of no value when she did see it. There was no evidence that the defendant ever had any intention to tender any rent in any event, nor was there evidence that, had such an intention existed, the tender would have been futile. In the circumstances of this case, the second special defense has not been proven.
Judgment may enter for the plaintiff.
Beach, J.